[L. A. No. 784.      Department Two.—December 29, 1900.]

## SOLON BRYAN, Appellant, v. SETH ABBOTT et al., Respondents.

MECHANICS' LIENS—VALIDITY OF CLAIM—NAME OF REPUTED OWNER.—A claim of lien for work and materials is sufficient, though it gives only the name of the reputed owner of the premises, without stating that he is the owner thereof in fact. If, in good faith, he gives the name of a reputed owner, he would not lose his lien, even if it should be ascertained that some other person was the owner.

ID.—FORECLOSURE—PLEADING—AVERMENT OF OWNERSHIP—DEMURRER.— Where the complaint foreclosing such claim of lien avers that the defendant, who was named in the claim of lien as the reputed owner, was the owner and reputed owner, and in possession of the premises, at all of the times mentioned in the complaint, a demurrer thereto admits his ownership, and that he could not have been misled by the description contained in the claim of lien.

ID.—TIME OF PAYMENT—CONSTRUCTION OF CLAIM—CONSISTENCY WITH COMPLAINT.—A claim of lien, stating that "there was no time specified in the contract for the commencement or completion of the work," and further stating that payment was "to be made upon the completion of the work or as required in its progress," is to be construed as requiring payment upon the completion of the work, though not fixing any date of payment; and such claim is not inconsistent with an averment of the complaint "that no time for payment was or is stated or set forth in said contract or agreement."

ID.—DESCRIPTION OF WORK—CEMENT SIDEWALK AND CURB—DEMURRER FOR UNCERTAINTY.—A complaint stating that the contract was for the construction of a cement sidewalk and cement curb "in front of and adjoining" the lot described, and attaching as an ex-

hibit a claim of lien stating that the contract was to construct the same "around" the premises, and also a diagram showing the curb and sidewalk along the side and across the end of the property, being all of it that bordered on the street, is not subject to a demurrer by the owner for uncertainty in the description of the work.

Id.—Owner's Personal Knowledge of Work—Estoppel.—The owner, having personal knowledge of the work done, cannot avail himself of a demurrer upon the ground that the description of the work is ambiguous, where he can have no doubt as to its meaning.

Id.—Location of Lot in Incorporated City—Absence of Express Averment—Judicial Notice.—The failure of the notice of lien and of the complaint to allege that the lot of land improved by the sidewalk and curb is "in an incorporated city or town" does not fail to show a lien therefor under section 1191 of the Code of Civil Procedure, where the lot is described as being situated "in the city of San Diego," etc. The court will take judicial notice the city of San Diego is incorporated.

APPEAL from a judgment of the Superior Court of San Diego County. J. W. Hughes, Judge.

The facts are stated in the opinion.

A. D. Jordan, and Eugene Daney, for Appellant.

Sam Ferry Smith, and McDonald & McDonald, for Respondents.

HAYNES, C.—Action brought to enforce a lien for work and materials in laying cement sidewalk and curb and constructing cement steps on the sidewalk leading up to the doorways.

Defendants severally demurred to the second amended complaint, the demurrers were sustained, and, plaintiff failing to amend, judgment of dismissal was entered and plaintiff appeals.

The contract was made, the work performed and notice of lien filed by William McDonald, who assigned his claim and demand to the plaintiff. The demurrer is general and special.

1. The notice or claim of lien stated "that Seth Abbott is the name of the reputed owner of said premises, and caused and requested said William McDonald to perform said labor and furnish said materials"; and the complaint alleges: "That at all the times herein mentioned said defendant, Seth Abbott,

was the owner and reputed owner and in possession of and personally occupied the following described real property," describing it.

Respondent contends that the recorded notice of lien is insufficient because it does not state the name of the owner of the premises sought to be charged with the lien.

It is sufficient if the name of the reputed owner only is given. (*Corbett v. Chambers,* 109 Cal. 178, 184.) The case of *Santa Cruz Rock Pav. Co. v. Lyons,* 117 Cal. 212,[1] cited by respondent, does not either directly or indirectly hold that the recorded notice of lien must state the name of the owner, but the reasoning of the case and the conclusion reached is entirely consistent with *Corbett v. Chambers, supra,* where it was said: "The provision therein that the claimant shall give the name of the owner or reputed owner, if known, implies that, if he does not know the name of the owner, he may state this fact, and perfect his lien without naming an owner (*West Coast Lumber Co. v. Newkirk,* 80 Cal. 275); and also, that if in good faith he gives the name of a reputed owner, he shall not lose his lien if he shall afterward ascertain that some other person was the owner."

Here the demurrer admits that Seth Abbott, who was described in the notice as the "reputed owner," is the "owner" of the premises sought to be charged with the lien; and if Seth Abbott, as owner, examined the records in the recorder's office, as the law presumes he did, the false description, "reputed owner," could hardly lead him to doubt his identity.

2. The notice of lien, after describing the work, stated there was "no time specified for the commencement or completion of the work, . . . . payment to be made in United States gold coin upon completion of the work or as required in its progress." Attached to the complaint, and made part thereof, is a copy of the notice of lien, and in the complaint it is alleged "that no time for said payment was or is stated or set forth in said contract or agreement."

It is contended that the allegations of the complaint are inconsistent with the notice of lien attached as an exhibit, and that the complaint is therefore demurrable for uncertainty or ambiguity.

---

[1] 59 Am. St. Rep. 174.

I think no one could be deceived or misled in this particular. The allegation in the complaint is that no time for payment was or is "stated or set forth" in the contract. That is literally true, though the law construes the contract to require payment upon the completion of the work, and therefore the time of payment, though not the date, is fixed.

3. The complaint states that the contract was for the construction of a cement sidewalk and cement curb "in front of and adjoining the lot" described; while the contract set out in the claim of lien was to construct a sidewalk and curb "around that certain premises," etc.; and respondent makes the point that the complaint is uncertain in this respect. A diagram of the property is attached to the complaint, showing the curb and sidewalk along the side and across the end of the property, being all of it that bordered on any street. We would not like to say that the defendant, the owner and occupier of the property, misunderstood the expression "around" as here used, or had any doubt as to its meaning. The defendant had personal knowledge of the work done and cannot avail himself of a demurrer upon the ground that the description of the work is ambiguous. (*Doe v. Sanger*, 78 Cal. 150.)

4. Section 1191 of the Code of Civil Procedure provides for a lien for improving the street or sidewalk, etc., in front of "any lot in any incorporated city or town," and it is objected that in the notice of lien and complaint it is not stated that said property is in an "incorporated city or town."

The property is described as "situate in the city of San Diego, county of San Diego, state of California," and the court will take judicial notice that the city of San Diego is incorporated. (Code Civ. Proc., sec. 1875; *Diggins v. Hartshorne*, 108 Cal. 157.) The judgment should be reversed, with directions to the court below to overrule the demurrer.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the court below to overrule the demurrer.          McFarland, J., Temple, J., Henshaw, J.