[S. F. No. 5056. Department Two.—November 24, 1909.]

NANCY J. METTEER, Respondent, v. C. D. SMITH, Appellant.

QUIETING TITLE—PROOF OF TITLE IN PLAINTIFF—ADMISSION OF SELECTED PORTION OF DEPOSITION.—In an action to quiet title to land, in which the plaintiff's title is otherwise established by uncontradicted evidence, it is not a material error to admit in evidence a selected

portion of the deposition of the plaintiff taken prior to the trial, to the effect that the title had never been parted with.

ID.—PRESUMPTION OF CONTINUANCE OF TITLE.—In such an action, the title of the plaintiff once established is presumed to remain until the contrary appears, and it was unnecessary to show that it had not been parted with.

ID.—TAX-DEED FOR CITY TAXES—EVIDENCE—PROOF OF CITY ORDINANCE. —The defendant in an action to quiet title to land cannot, in proof of title in himself, offer in evidence a tax-deed executed by the tax-collector of the municipal corporation in which the land is situated, purporting to have been executed by the authority of and pursuant to the provisions of a municipal ordinance, without proof of the ordinance in question. And this is so, notwithstanding the court will take judicial notice of the fact that the municipality is a city of a particular class, and that a tax-deed duly executed or proved is, under section 3786 of the Political Code, primary evidence that the taxes were levied according to law.

ID.—TAX TITLE MUST BE ALLEGED.—The defendant relying on such a tax title should have set forth in his answer the matters essential to the validity of the tax-deed, otherwise the deed was properly excluded from evidence under the objection that it was incompetent, irrelevant, and immaterial.

APPEAL from a judgment of the Superior Court of Monterey County. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Daugherty & Lacey, for Appellant.

Zabala & Wyatt, and A. H. Hewitt, for Respondent.

MELVIN, J.—Defendant appeals from a judgment quieting the title of plaintiff to certain lands in Pacific Grove, Monterey County. There is no question respecting the sufficiency of the evidence to sustain the judgment, but certain rulings of the trial court are involved in this appeal. Plaintiff offered and the court admitted over the objection of defendant a part of the deposition of plaintiff taken prior to the trial. The part admitted was as follows: "Q. Have you ever sold or conveyed this property? A. No, sir." Defendant's objection properly presented the point that it was error to offer only a selected portion of a deposition, and respondent virtually admits that the ruling was erroneous in view of the decision of this court in the case of *Bank of Orland* v. *Finnell*, 133 Cal.

475, [65 Pac. 976].) Respondent contends, however, that the error was harmless because, under the pleadings and the proof of title otherwise presented and not contradicted, the evidence was not necessary to the establishment of her case—that in an action of this kind, after proof of title in the plaintiff, she need not show that she has not parted with it. We think this position of respondent must be sustained. A *status* once established is presumed by law to remain until the contrary appears. (*Eltzroth* v. *Ryan,* 89 Cal. 140, [26 Pac. 647].) While the rule announced in that case has been held not to apply to actions for the recovery of personal property (see *Lettelier* v. *Mann,* 79 Fed. 82, and cases cited), we think it still applies in suits of this kind. (Code Civ. Proc., sec. 321.)

Appellant also predicates alleged error upon the rulings of the trial court sustaining an objection to the introduction in evidence of a certain deed executed by the tax-collector of Pacific Grove, purporting to convey to appellant the property described in the complaint, upon a sale made by said tax-collector for delinquent taxes of said city of Pacific Grove for the year 1902. There was a general objection, and also the special one, that "said deed on its face purported to be executed by the authority and pursuant to the provisions of an ordinance of the city of Pacific Grove, and that no such ordinance had been alleged in the answer, or offered or received in evidence." In this behalf appellant calls attention to section 871 of the Municipal Incorporation Act relating to the government of cities of the sixth class, which provides that "all deeds made upon any sale of property for taxes or special assessments under the provisions of this chapter, shall have the same force and effect in evidence as is or may hereafter be provided by law for deeds for property sold for non-payment of state taxes." ( Stats. 1905, p. 89.) We are also cited to section 3786 of the Political Code which provides, among other things, that a tax-deed is primary evidence: 1. That the property was assessed as required by law; 2. That the property was equalized as required by law; and, 3. That the taxes were levied in accordance with law. Appellant's counsel earnestly maintain that the presumptions thus applying to tax-deeds under the cited section of the code made it unnecessary for them to prove the passage and approval of the ordinance in question. While this court will take judi-

cial notice of the fact that Pacific Grove is a city of the sixth class (*Cole* v. *Segraves*, 88 Cal. 104, [25 Pac. 1109] ; *Bryan* v. *Abbott*, 131 Cal. 225, [63 Pac. 363] ), and while a tax-deed "duly acknowledged or proved" is primary evidence that "the taxes were levied in accordance with law" (Pol. Code, sec. 3786, subd. 3), we do not think that the existence of the ordinance mentioned in the tax-deed or its pertinence to a subject within the taxing power of the governing body of the corporation of Pacific Grove may be presumed, even under the broad provisions of the Political Code and the Municipal Incorporation Act cited above. It is a general rule, supported by unbroken authority in this state, that courts of record do not take judicial notice of municipal ordinances. (*Ex parte Davis*, 115 Cal. 447, [47 Pac. 258] ; *City of Tulare* v. *Hevren*, 126 Cal. 229, [58 Pac. 530].) The court's ruling excluding the offered deed was also entirely defensible under the general objection that it was incompetent, irrelevant, and immaterial because there was no allegation in the answer of the matters essential to the validity of the tax-deed. "The recitals in a tax-deed are declared by the statute to be *prima facie* evidence of the proceedings recited, but it has never been supposed that a party who sets forth a tax title was thereby excused from alleging that those proceedings were had. The reverse has been decided by this court." (*Himmelman* v. *Danos*, 35 Cal. 449.) In *Russell* v. *Mann*, 22 Cal. 135, Mr. Chief Justice Field, writing of the requisites of a deed executed upon a tax sale, used the following language: "The legislature has provided that the deed executed upon such a sale shall state certain of these essential facts, and shall be proof of the matters by it set forth, subject to certain exceptions. But this provision as to the effect of the deed as evidence does not dispense with the necessity of averring every essential fact in a pleading in which a tax title is specially set forth." We are of the opinion that the objection was properly sustained upon the authorities above set forth, and it will therefore be unnecessary to discuss the other matters appearing in the brief of respondent.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.