[Crim. No. 3431. First Dist., Div. One. Feb. 17, 1959.]

THE PEOPLE, Respondent, v. WALTON VAN NORT STUART, Appellant.

Haley, McInerney & Logan, William H. McInerney and Richard G. Logan for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

BRAY, J.—Defendant appeals from a judgment of conviction of abortion, after jury verdict, and from the order denying new trial.

### Questions Presented

1. Failure of court on its own motion to instruct on intent additionally to giving section 274, Penal Code.

2. Alleged misconduct of district attorney.

64

Defendant, a chiropractor, was indicted for the murder and abortion of Marion. The jury found him not guilty of murder but guilty of abortion.

Mrs. Devore, a friend of Marion's, telephoned defendant that she had a friend who was pregnant and did not desire to have the baby, and that the friend had tried to abort herself. Defendant stated that he would talk to the friend. Nothing was said about defendant committing an abortion. That afternoon Mrs. Devore and Marion went to defendant's office. While waiting for defendant to see them, Marion handed Mrs. Devore $250. Mrs. Devore introduced Marion to defendant. Mrs. Devore had a conversation with defendant in which he discussed the fact that all of them would be accomplices, and that Marion was only six weeks along so it should not be hard. Marion and defendant went into an inner office. After 15 minutes had passed, defendant called Mrs. Devore. She entered the inner office and defendant told her to call the fire department as Marion had suffered a heart attack. Mrs. Devore called the department. Defendant told her to get rid of the instruments and the money. Mrs. Devore threw the instruments under a couch. Marion was dead on arrival at a hospital. The prosecution's theory was that defendant had tried to abort by the introduction of air into the uterus by use of a soft rubber catheter and a rubber syringe or bulb. Both such type items were found in his office and introduced into evidence. Two other women testified that he had aborted them by the use of air. Defendant denied using the catheter or syringe. He testified that he only used the syringe as an ear syringe and had never at any time used the catheter. He stated that after Marion had entered the treatment room she told him that she was pregnant but did not want any more children, that she had tried to commit suicide and had tried to abort herself. He then suggested that he examine her to see if she had injured herself. He inserted a vaginal speculum. He noticed a white discharge and blood. He asked her what she had been doing to herself. She mumbled something like "air." He then removed the speculum and said he could do nothing for her. As he turned his back she cried "I can't breathe." He turned and began artificial respiration, and tried various methods to revive her, and continued these efforts until the fire department arrived. He denied treating

*As no contention is made that the evidence does not support the verdict, a detailed statement of all the evidence is unnecessary.

the other two women as testified by them. He stated that one of them desired that he fit her with a pessary. On examining her he discovered that she was pregnant and refused to do so because a pessary might cause a miscarriage. He admitted fitting the other woman with a pessary but denied doing so to produce a miscarriage as he did not know that she was pregnant.

1. INSTRUCTION.

The court instructed in the language of section 274, Penal Code, to wit: ''Section 274 of the Penal Code provides as follows: 'Every person who provides, supplies or administers to any woman, or procures any woman to take any medicine, drug, or substance or uses or employs an[y] instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life, is guilty of a felony.''' Defendant offered no instructions. Defendant contends (a) that the court of its own motion should have instructed that to be guilty of abortion defendant must have known or believed that Marion was pregnant, and (b) that in conjunction with the instructions on second degree murder, the given instruction was misleading.

(a) *Belief of pregnancy.*

There can be no doubt but that to constitute the crime of abortion the defendant must know or believe that the victim is pregnant (*People* v. *Murphy*, 60 Cal.App.2d 762, 770 [141 P.2d 755]) and must intend by the means employed to produce a miscarriage. (*People* v. *Collins*, 80 Cal.App.2d 526, 534 [182 P.2d 585].) The instruction given informed the jury that the means employed must have been employed '' '. . . with intent thereby to procure the miscarriage . . .' '' It is impossible to conceive how a person could have the intent to procure a miscarriage without knowing or believing that the person he was treating was pregnant. If defendant desired further instructions on the subject he should have offered them.

This instruction was given in *People* v. *Gallardo*, 41 Cal.2d 57 [257 P.2d 29], apparently without any further instruction on the subject of intent. The instruction here was sufficient, particularly in view of the fact that admittedly defendant believed that Marion was pregnant. He stated that she had told him so, and he asked her why she wanted to get rid of the unborn child. As to the intent to abort, there could not

possibly have been any other purpose of using the means which the jury impliedly found were employed.

(b) *Instruction was not misleading.*

 There was no confusion between the instructions on second degree murder and the one on abortion. The court instructed in the portion of the instruction dealing with second degree murder that it was not necessary to show that death was intended or contemplated by defendant but that it was only necessary to show intent to commit the crime of abortion. It then stated that if the jury believed beyond a reasonable doubt that the victim died as a proximate result of the use of any instrument upon the body of the victim " '. . . with the intent thereby to procure a miscarriage . . .' " and that its use was not necessary to preserve her life, defendant would be guilty of second degree murder. Previously in discussing the purpose of the admission of evidence of other abortions the court instructed that the value of such evidence depends on whether or not it tends to show "That the defendant entertained the intent which is a necessary element for the alleged crime for which he is now on trial . . ." There was nothing anywhere in the instructions which indicated in the slightest manner that intent to abort was not a necessary element of the crime of abortion.

Defendant contends that because the jury found defendant not guilty of murder but guilty of abortion it necessarily follows that it must have been confused. This is not so. Under the evidence the jury could have, and probably did, find that Marion's death was due to a cardiac failure not proximately resulting from the means used to abort.

2. ALLEGED MISCONDUCT.

 Apparently to rebut defendant's statements that he would not fit a pregnant woman with a pessary and had not done so in the case of the two witnesses who testified that with them, knowing that they were pregnant, he had first tried pessaries before using the air method, the district attorney on cross-examination asked defendant if he had not fitted a pessary on one Dolores (neither of the women above mentioned) who was then pregnant. The court sustained an objection to the question. Defendant concedes that the testimony of the two women above mentioned was admissible but contends that because the defendant did not use a pessary on Marion this reference to use of a pessary constituted misconduct.

We see no misconduct in the district attorney's asking this

question even though the court prior thereto had sustained an objection to a question asked another doctor as to whether he had informed defendant that the use of a pessary on a pregnant woman could cause an abortion. It would appear from our decision in *People* v. *Stuart, ante,* p. 57 [335 P.2d 189], this day decided, and *People* v. *Westek*, 31 Cal.2d 469, 478-479 [190 P.2d 9], that the question was proper. In any event, as the court sustained the objection and later instructed the jury that they were not to consider the offer of any evidence which was not admitted by the court, or statement of fact contained in any question asked by counsel, and in view of the evidence in the case, there could have been no prejudice in the asking of the question.

The judgment and order are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 15, 1959. Peters, J., did not participate therein.