[Crim. No. 3849.   First Dist., Div. Two.   Dec. 16, 1960.]

THE PEOPLE, Respondent, v. CHESTER J. KUTZ,
Appellant.

Benjamin M. Davis and John H. Sutter for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Peter T. Kennedy, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—By indictment, appellant was charged in Count I with committing an abortion upon Peggy Lamm and in Count II with committing an abortion upon Julie Alazar. After the appellant had entered a plea of not guilty and waived a jury trial, the matter was submitted on the grand jury transcript. The court found the appellant guilty on Count I of the indictment and not guilty on Count II. On this appeal from the judgment of conviction and the order denying his motion for a new trial, the appellant argues that (1) there is no evidence that the trial court had territorial jurisdiction; (2) there is insufficient evidence to establish the elements of the offense and insufficient corroboration of the testimony of Peggy Lamm.

The first argument on appeal is that the prosecution failed to prove beyond a reasonable doubt that the alleged offense occurred within the territorial jurisdiction of the Superior Court in and for the City and County of San Francisco, as the only reference in the transcript to the locus of the offense is Miss Lamm's testimony that on September 1, she went to an office at 2080 Sutter Street. The transcript does not specifically indicate this location is within the city and county of San Francisco. Appellant relies on *People* v. *Parks*, 44 Cal. 105, wherein the evidence showed only that the *locus delicti* was at the drinking saloon of Stroback, but there was nothing in the record to show that the saloon was situated in Yolo County.

We think, however, the instant case is more like *People* v. *McGregar*, 88 Cal. 140 [26 P. 97]. In that case, the informa-

tion charged that the offense was committed in the city and county of San Francisco, and although half a dozen of the principal and best-known streets of the city were named in the testimony, no witness testified *directly* that these streets were in the city and county of San Francisco in which the court was sitting. The Supreme Court cited several cases in other jurisdictions and concluded that there was sufficient evidence to warrant a jury in finding that the crime charged was committed in San Francisco. (See also *In re Application of O'Connor,* 80 Cal.App. 647 [252 P. 730].)

Furthermore, venue is a question of fact which the prosecution must prove by a preponderance of the evidence, not beyond a reasonable doubt. (*People* v. *Megladdery,* 40 Cal.App.2d 748 [106 P.2d 84].) Venue can be established by circumstantial evidence. (*People* v. *McGregar, supra*; *People* v. *West,* 34 Cal.App.2d 55, 59 [93 P.2d 153].) Here, Miss Lamm stated that she came to California after she discovered that she was pregnant; it was stipulated that the appellant was a chiropractor licensed to practice in the State of California. There was further evidence that San Francisco was the *locus delicti*; the victim was hospitalized in Mount Zion Hospital; the officers who arrested the appellant were police officers of the city and county of San Francisco. Without going further into detail, it is enough to say that the uncontroverted evidence directly and logically points to the single inference that the offense was committed in the city and county of San Francisco. (*Cf. People* v. *Ford,* 133 Cal. App.2d 695 [284 P.2d 836].)

Finally, courts may take judicial notice of principal streets and thoroughfares and other matters of general and common knowledge. (*McKinley* v. *Dalton,* 128 Cal.App. 298 [17 P.2d 160] ; Code Civ. Proc., § 1875; *Brady* v. *Page,* 59 Cal. 52; *Whiting* v. *Quackenbush,* 54 Cal. 306.) This court and the trial court take judicial notice that Sutter Street is in the city and county of San Francisco. We need have no difficulty in judicially recognizing the fact that Sutter Street is an old-established and well-known street of San Francisco—the city in which we sit as a court—and that this knowledge prevails generally throughout the city and must have been possessed by the trier of fact in the present case.

The next argument is that the evidence failed to prove the necessary elements of the crime and that there is insufficient corroboration of the testimony of the victim, Peggy Lamm.

In order to be found guilty of the crime of abortion,

the appellant must know or believe that the victim is pregnant and must intend by the means employed to produce a miscarriage. (*People* v. *Stuart,* 168 Cal.App.2d 62 [135 P.2d 192]; Pen. Code, § 274.) As indicated above, this matter was submitted on the grand jury transcript. As the appellant chose not to testify before the grand jury, all of the evidence before the trial court was uncontroverted. ■ Furthermore, the evidence must be viewed in a light most favorable to prosecution (*People* v. *Dail,* 22 Cal.2d 642 [140 P.2d 828]), and on appeal, we must assume in favor of the judgment the existence of every fact which the trier of fact could reasonably have deduced from the evidence and determine whether the guilt of the appellant is deducible therefrom (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778]).

The record reveals the following as to Count I. The victim, Peggy Lamm, who became pregnant in May 1959, talked to one Art Daniels; they went to the office of the appellant at 2080 Sutter Street, where she lay for 30 minutes on a table in the treatment room. She felt no pain or pressure while the appellant ministered to her. He informed her that she would probably have cramps and bleeding and pass the fetus. Later, at home, she passed clots, a cotton ball and an object about the shape of a cigarette, but no fetus. She, therefore, returned to the appellant's office on September 4, where the same procedure was followed, with the same result. She returned a third time and went through the same procedure. Thereafter, she became very ill and was committed to Mount Zion Hospital on September 8, and treated for an infection of the uterus. She missed a total of three menstrual periods. None of the operations performed by the appellant were necessary to preserve her life and $100 was paid for them. Each time, Daniels accompanied her to the appellant's office.

It is argued on appeal that the above facts do not sufficiently establish the necessary elements of the crime, i.e., that the appellant knew the victim was pregnant, that he acted with the intention of procuring a miscarriage, and that the operations were not necessary to save her life. We cannot agree. ■ Since 1935, when the word "pregnant" was deleted from section 274 of the Penal Code, the fact of pregnancy is no longer an issue, but may be proved if it exists. (*People* v. *Ames,* 151 Cal.App.2d 714 [312 P.2d 111].) The crucial fact is the belief and purpose of the appellant and not the fact of pregnancy. (*People* v. *Miner,* 96 Cal.App.2d 43 [214 P.2d 557].) ■ The victim went to the appellant for the

purpose of having an abortion performed. This evidence is admissible as bearing on the appellant's intent. ■ She also testified that the appellant told her she would have cramps and pass the fetus, and then performed two more operations on her, telling her sometimes it took longer. Art Daniels testified as to his conversation with the appellant about performing an abortion and thereafter paying him $100. From all this evidence, the trial court reasonably deduced that the appellant knew or believed that Miss Lamm was pregnant and intended to commit a miscarriage.

■ As to the third element, that the abortion was not necessary to save Miss Lamm's life, her testimony as to her physical condition is sufficient on this issue and does not have to be corroborated. (*People* v. *Gallardo*, 41 Cal.2d 57 [257 P.2d 29]; *People* v. *Malone*, 82 Cal.App.2d 54 [185 P.2d 870].)

■ The next argument on appeal is that Miss Lamm's testimony was not sufficiently corroborated. A defendant charged with abortion ''cannot be convicted upon the testimony of the woman upon or with whom the offense was committed, unless she is corroborated by other evidence.'' (Pen. Code, § 1108.) The corroboration is sufficient if it tends to connect the appellant with the commission of the crime in such a way as to reasonably satisfy the trier of fact that the victim is telling the truth. (*People* v. *Gallardo, supra.*)

■ As stated above, Mr. Daniels testified that he made the arrangements with the appellant for the abortion of Miss Lamm and paid him $100. Daniels' status as an accomplice of the appellant does not disqualify him as a corroborating witness as far as Miss Lamm's testimony is concerned. (*People* v. *Bowlby*, 135 Cal.App.2d 519 [287 P.2d 547, 53 A.L.R.2d 1147]; *People* v. *Escobedo*, 138 Cal.App.2d 490 [292 P.2d 230].) ■ Appellant erroneously attempts to argue that all of the elements of the crime must be independently proved by the corroborating witness. As indicated above, the rule is that the corroborative evidence need not by itself establish that the crime was committed or show any elements thereof, but must relate to some act or fact of the offense and connect the defendant with this act or fact independently of the testimony of the abortee (*People* v. *MacEwing*, 45 Cal.2d 218 [288 P.2d 257]). It must create more than a suspicion, but it may be sufficient even though slight and entitled to little consideration when standing by itself. (*People* v. *Gallardo, supra,* at p. 63.)

■ A woman who has submitted to an abortion is not

an accomplice of the persons charged with performing, procuring, or conspiring to procure the miscarriage. (*People* v. *Clapp*, 24 Cal.2d 835 [151 P.2d 237].) Her testimony could be corroborated by that of a witness who was an accomplice. (*People* v. *Gallardo, supra*, at p. 63.) It is clear to us that Miss Lamm's testimony was corroborated by that of Mr. Daniels in a manner to reasonably convince a trier of fact that she had testified to the truth.

We need not, therefore, reach the question of whether the testimony of Julie Alazar (the victim as to Count II, of which the appellant was acquitted) was further proper corroboration of Miss Lamm's testimony.

Judgment and order denying motion for new trial are affirmed.

Draper, J., and Shoemaker, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 8, 1961.