[Crim. No. 3206.    Third Dist.    Oct. 3, 1961.]

THE PEOPLE, Respondent, v. JACOB B. MAYFIELD, Appellant.

Allen P. Fields, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Richard Lee, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Defendant, Jacob Mayfield, and two other defendants were charged with burglary. Mayfield and one of the other defendants were found to be guilty of burglary in the second degree. Mayfield has appealed from the judgment which was entered.

It appears from the record that two officers of the Stockton Police Department passed defendant Mayfield's car going in the opposite direction while patrolling the streets in the early morning. Attracted by the loud muffler on Mayfield's car the officers made a U-turn and proceeded to follow it. Midway in an underpass they observed a large object being thrown from the car. Upon seeing this they stopped the defendant and recovered the object, which turned out to be a radio from a Dodge automobile. Defendant denied any knowledge of the radio.

The officers arrested defendant and the two other occupants of the car. Defendant, accompanied by an officer, drove and parked his car in front of the police station. Later that morning another officer found a screwdriver under the front seat of defendant's car. Both the radio and the screwdriver were delivered to the Bureau of Criminal Identification and In-

vestigation in Sacramento. A criminologist testified at the trial that the markings on the radio were made by the screwdriver in question.

On the same morning the defendant was apprehended Joe Steiner discovered and reported to the Stockton Police Department that his 1960 Dodge automobile, which was locked and parked in front of his home, had been broken into sometime during the night and that the car radio was missing. The radio found by the officers fit into the opening of Mr. Steiner's automobile.

Appellant first contends that the evidence was insufficient to establish that the offense charged was committed in San Joaquin County and that therefore the Superior Court of San Joaquin County had no jurisdiction to try the case. This contention cannot be sustained.

As stated in *People* v. *Strickland,* 148 Cal.App.2d 18, at page 21 [306 P.2d 40] : ". . . Venue, like any other fact in a criminal case, may be established by circumstantial evidence. It need not be proved beyond a reasonable doubt. (*People* v. *Cavanaugh,* 44 Cal.2d 252 [282 P.2d 53] ; *People* v. *Boyden,* 116 Cal.App.2d 278 [253 P.2d 773] ; *People* v. *Ford,* 133 Cal.App.2d 695 [284 P.2d 836].)''

In the instant case, Mr. Steiner, the owner of the burglarized vehicle, testified that he lived on South Hunter and that South Hunter was three blocks south of Charter Way. The appellant and his codefendants were first observed on Charter Way and apprehended on Charter Way a short distance farther on. The point at which they were apprehended was established as approximately six blocks from Hunter Street. They were apprehended by officers of the Stockton Police Department then on duty in a police squad car. At the time of the apprehension, the defendant and his companions had just disposed of an object which was later found to be a Dodge automobile radio.

From these facts, uncontroverted in any way by appellant or his codefendants, the jury could reasonably conclude that the burglary took place within the city of Stockton or at the very least within the county of San Joaquin. An officer testified that while on duty as a member of the Stockton Police Department and in the area of Charter Way at Grant, in the city of Stockton, he noticed appellant's car. The appellant and his codefendants were observed throwing an object from the car one-half block from this point. There can be no serious doubt that this was within the city of

Stockton, especially if we consider that they were apprehended by officers of the Stockton Police Department performing their official duties. (See *People* v. *De Soto*, 33 Cal. App.2d 478 [92 P.2d 466].) The location of these points so near to the point where the Steiner vehicle was located would reasonably lead to the inference that the Steiner vehicle had been parked within the city of Stockton.

Appellant next contends that prejudicial error was committed in admitting improper rebuttal evidence. He argues that after the screwdriver had been admitted into evidence in the prosecution's case in chief over his objection it was error for the court to permit the prosecution in rebuttal to call a police officer who testified that he had seen a similar screwdriver in appellant's car.

While it is true that the courts of this state have held that rebuttal evidence is "restricted to evidence made necessary by defendant's case in the sense that he has introduced new evidence or made assertions that were not implicit in his denial of guilt" (*People* v. *Carter*, 48 Cal.2d 737 [312 P.2d 665]), it is also true that changes in the order of proof may be made within the sound discretion of the trial court. (*People* v. *Avery*, 35 Cal.2d 487 [218 P.2d 527].) In the instant case in defense one of appellant's codefendants testified to lack of knowledge of the existence of the screwdriver, People's Exhibit Number 6. As this was the only evidence offered by any of three defendants on this matter, it could be presumed that the three defendants wished the jury to conclude that they had not had the screwdriver in their possession. Such an inference or conclusion was the proper subject of direct rebuttal testimony to the effect that the screwdriver had been observed in appellant's vehicle. It does not matter that such rebuttal testimony also served the function of supporting the prosecution's case in chief. (*People* v. *Mackey*, 171 Cal.App.2d 513 [340 P.2d 688]; *People* v. *Williams*, 164 Cal.App.2d 285 [330 P.2d 942]; *People* v. *Nyc*, 38 Cal.2d 34 [237 P.2d 1].)

Furthermore, the record shows that while appellant was represented by an able and experienced public defender of San Joaquin County no objection was made to the introduction of this rebuttal testimony, and by failing to object to its introduction appellant is hardly in a position to urge on appeal that prejudicial error was committed.

Appellant's final contention is that hearsay evidence

was improperly admitted over his objection. This contention cannot be sustained.

Officer Melligan testified that he was informed by the Braley Auto Agency and the Chrysler Corporation that they kept no records of the serial numbers of car radios or the cars in which they were installed. Appellant's objection to the admission of this evidence was first overruled, but the court later sustained the objection as to the testimony relating to what the Braley Auto Agency had told Officer Melligan. The court then ordered the testimony stricken from the record and instructed the jury to disregard it. The court stated further that "What anyone told him [Officer Melligan] would be hearsay and not admissible in this case." Appellant did not question further whether the court intended to include statements made by the Chrysler Corporation nor did he request clarification. Appellant now contends that the court committed prejudicial error in failing to strike the testimony and admonish the jury to disregard what the Chrysler Corporation told Officer Melligan. However, appellant by failing to make a motion to strike the testimony relating to the Chrysler Corporation and not requesting an admonition of the jury after the matter was raised by the court is not entitled to make an objection on appeal. (*D'Avanzo* v. *Manno,* 16 Cal. App.2d 346 [60 P.2d 524].)

In summary, we conclude that the appellant had a fair trial at which he was ably defended; that the record amply supports the judgment of conviction; and that no prejudicial error was committed.

The judgment is affirmed.

Peek, Acting P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.