[Crim. No. 67. Fifth Dist. May 8, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. MRS. NORMA J. PERRY et al., Defendants and Respondents.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Appellant.

C. Ray Robinson and Jonathan H. Rowell for Defendants and Respondents.

STONE, J.—The People appeal from an order setting aside an information which charged the defendants with violation of Penal Code section 243, battery against a police officer, and violation of Penal Code section 148, resisting arrest.

The case came before the superior court, just as it is before us, on the reporter's transcript of the preliminary examination held in the Dos Palos Judicial District Court of the County of Merced, State of California. The events upon which the information is based occurred at the Wheel Inn Café, Route 1, Box 114A, Dos Palos Y. Defendants were quarreling in front of the café at 1 o'clock in the morning. The proprietor went outside and asked them to quiet down, warning that if they didn't do so, he would call a police officer. Defendants continued their raucous quarreling, which originated over the attention defendant Delmar Lee Perry was paying to a woman other than defendant Norma J. Perry, his wife. The Constable of Dos Palos Township was in the café, and the proprietor asked him to quiet the three defendants.

The constable walked outside the building, observed the defendants, and asked them to stop cursing and to go home. Up to that point it isn't clear whether the family friend, defendant Melba Munns, was carrying the standard of the hus-

band or the wife, but once the constable arrived there is no question that all three defendants considered him their common adversary. The testimony of the constable reveals violence directed against him by all three defendants; his testimony is largely corroborated by the proprietor of the Wheel Inn Café and a waitress.

As might be expected, defendants' testimony contradicts that of the prosecution witnesses. They justify the force used against the constable upon the ground they were resisting an unlawful arrest and upon the right of self-defense.

The record indicates that the superior court judge who heard the motion to set aside the information, believed the defendants. However, the testimony of the constable, the proprietor and the waitress amply supports the order holding the three defendants to answer, and obviously this testimony was believed by the committing magistrate. ■ ". . . the test is not whether the evidence establishes the defendant's guilt beyond a reasonable doubt, but only whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion of the guilt of the defendant." (*People* v. *Tracy*, 199 Cal.App.2d 163, 167 [18 Cal.Rptr. 487]. See also *Perry* v. *Superior Court*, 57 Cal.2d 276, 283 [19 Cal.Rptr. 1, 368 P.2d 529]; *People* v. *Jackson*, 146 Cal.App.2d 553, 556 [303 P.2d 767]; *People* v. *Bradley*, 152 Cal.App.2d 527, 535 [314 P.2d 108].) The record here fully meets this test.

■ It is not the province of the trial judge to weigh the evidence on a motion to set aside an information pursuant to Penal Code section 995. (*Perry* v. *Superior Court, supra*; *People* v. *Jackson, supra*.)

A more difficult question is whether Merced County venue was sufficiently proved. The only reference to the place of occurrence is the testimony that the Wheel Inn Café is located at Route 1, Box 114A, Dos Palos Y. There is no direct evidence that this address is located in Merced County.

Appellant cites *People* v. *Kutz*, 187 Cal.App.2d 431 [9 Cal. Rptr. 626], holding that venue can be established by circumstantial evidence. In *Kutz* the offense occurred at 2080 Sutter Street and the victim was hospitalized in Mount Zion Hospital, but neither place was shown to be located in the City and County of San Francisco. The court there held that judicial notice could be taken that Sutter Street and Mount Zion Hospital are both located in the City and County of San Francisco. It was also noted that officers who arrested

the defendant were police officers of the City and County of San Francisco. The court cited *People* v. *McGregar*, 88 Cal. 140 [26 P. 97], in which the Supreme Court held that although half a dozen of the principal and best known streets in the city were named in the testimony, no witness testified directly that these streets were in the City and County of San Francisco, yet this evidence was held to be sufficient to warrant a jury in finding that the crime charged was committed in San Francisco.

In *People* v. *Ikner*, 142 Cal.App.2d 145 [298 P.2d 45], the defendant was arrested by police officers of the City of Los Angeles on Ceres Avenue between Sixth and Seventh Streets. This was the only evidence concerning the *locus delicti*, yet the court held it sufficient saying that courts may take judicial notice of geographical facts. In support of its holding, the court in *Ikner* cited *People* v. *De Soto*, 33 Cal.App.2d 478 [92 P.2d 466]; *People* v. *West*, 34 Cal.App.2d 55 [93 P.2d 153], and *People* v. *Ford*, 133 Cal.App.2d 695 [284 P.2d 836], in each of which cases a conviction was sustained although the *locus delicti* was established by reference to only a street address. In *People* v. *Strickland*, 148 Cal.App.2d 18 [306 P.2d 40], the defendant was convicted of murder, first degree, and a sentence of life imprisonment imposed, yet the only evidence of *locus delicti* was reference to the "Hilltop" and to "Hideout Club." The court commented, at page 21:

"These are the facts and circumstances as shown by the record from which the jury could reasonably conclude that the crime was committed in Butte County: Sheriff Gillick of Butte County was called to the scene of the crime and apprehended the defendant within a short time after the shooting. Defendant was taken to the county jail by Deputy Sheriff Lucas of Butte County. It is presumed that these officers were performing their official duty within Butte County." (See also *People* v. *Mayfield*, 196 Cal.App.2d 72, 74 [16 Cal. Rptr. 261].)

The facts before us parallel those of the cited cases in that the address is Dos Palos Y, the arrest was made by the Constable of Dos Palos Township, and the preliminary hearing was held in the Dos Palos Judicial District Court. Not only must it be presumed that the Justice of the Dos Palos Judicial District Court was aware of the geographical boundaries of his judicial district and that Route 1, Box 114A, Dos Palos Y was within the jurisdictional boundary of his township, but also that the Constable of Dos Palos Township who

made the arrest, was performing his duties within his district. Certainly this evidence of *locus delicti* is as strong as that in the cited cases, in each of which a judgment of conviction was upheld after trial in the superior court.

In this connection, we believe a more liberal view is to be taken of evidence supporting proof of venue on a motion to set aside an information, than need to be taken in determining the same question upon appeal from a judgment after trial. We equate the rule governing proof of venue with the rule governing the weight of the evidence required to hold a defendant to answer. In order to sustain a conviction, commission of the crime must be proved to a moral certainty and beyond a reasonable doubt; yet a state of facts that would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused, is sufficient cause to hold an accused to answer. (*Perry* v. *Superior Court, supra,* 57 Cal.2d 276, 283, and cases cited therein.)

The judgment is reversed.

Conley, P. J., and Brown (R.M.), J., concurred.