[Crim. No. 19018. Second Dist., Div. Five. July 27, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
LEONARD VEGA, Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and John R. Evans, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Defendant was charged in count I of a three count information with offering to sell seconal (Health & Saf. Code, § 11912), in count II with possession of seconal for sale (Health & Saf. Code, § 11911), and in count III with carrying a loaded firearm in a vehicle while in a public place, in an incorporated city, to wit: El Monte (Pen. Code, § 12031). He pleaded not guilty and waived jury trial. Defendant waived his right to confront and cross-examine witnesses. Pursuant to stipulation the court read and considered the transcript of the preliminary hearing. Defendant testified in his own behalf and also submitted the testimony of a friend, by way of stipulation, as partial corroboration of his own testimony. The court found defendant guilty of count I, not guilty of count II, and guilty of count III. Probation was denied. Defendant was sentenced to state prison on count I. He was sentenced to 90 days in county jail on count III, the sentence to run concurrently with that imposed in count I. The court reserved jurisdiction under section 1168 of the Penal Code. Defendant appeals from the judgment.

Deputy Lopez of the Los Angeles County Sheriff's Department met with an informant at the El Monte Police Department on January 29, 1970. The informant placed a telephone call. Lopez overheard the conversation with the informant's permission. The informant told a male voice at the other end of the line that he had a friend "who wanted to score some . . . jars of reds or whites." Lopez understood this to mean make a purchase of seconal or benzedrine. A jar represented one thousand pills. The male voice told the informant that if the friend had the money, he could possibly get three jars. The informant stated that his friend did have the money and that he would meet the person he was talking to at 7 p.m. that night at Crawford's Market in El Monte.

Lopez then proceeded to Crawford's Market. The informant also went to the market, in his own vehicle. Additional officers went to the area in

other vehicles for surveillance purposes. At about 7 p.m. the informant introduced Lopez to defendant who was seated in his car in the parking lot. Lopez told defendant that he wished to purchase three jars. Defendant questioned Lopez about his identity. He accused Lopez of being a police officer. Lopez denied the accusation. Defendant reached down and brought out a small caliber pistol, showed it to Lopez and said, " I have been ripped off before. This is why I carry this." Defendant then asked Lopez how much money he had. Lopez said that he had 20 dollars. Defendant asked Lopez to get into the car to complete the transaction. Lopez insisted that the transaction be completed in the parking lot and asked to see the pills. Defendant lifted a brown paper sack off the floor of the car, shook it and said that it contained the pills. Lopez said he would get the money from his truck. Lopez walked to the truck and gave a pre-arranged signal whereupon the surveilling officers converged on the location and arrested defendant. Deputy Herold removed three sacks containing seconal from defendant's car. Deputy La Grave removed the pistol, which was under the driver's seat of defendant's car. There was a bullet in the chamber. Officer Randall of the El Monte Police Department later test fired the pistol and found it operable.

Defendant testified that the pills and the gun actually belonged to the informant who left them with defendant for safekeeping, after trying unsuccessfully to sell the gun to defendant and to defendant's friend. Defendant brought the articles to Crawford's parking lot at the informant's request when the informant stated that he had a customer for the gun. It was stipulated that a Mr. Gillette would testify that the informant did try to sell Gillette a gun while Gillette was visiting defendant.

█ On this appeal defendant contends that the evidence is insufficient to sustain the verdict on count III. He argues, first, that the evidence fails to show sufficiently that Crawford's Market was in El Monte, and second, that there was no showing that El Monte is an incorporated city. The basis for the first argument is that although Deputy Lopez testified that the informant arranged to meet defendant "at Crawford's Market in El Monte," Lopez later described the rendezvous location as "Crawford's Market, Five Points—I believe it's Valley and Garvey." Defendant testified that he was arrested at Crawford's Market. When asked if this was in El Monte, he replied "Five Points." Deputy La Grave, however, replied affirmatively when asked if defendant's arrest took place at Crawford's Market in El Monte. His testimony was sufficient to sustain a finding that count III took place in El Monte as charged.

█ Furthermore, the trial court could take judicial notice of facts which were common knowledge within its territorial jurisdiction (Evid.

Code, § 452, subd. (g)),[1] provided it gave the parties notice of its intention to do so (Evid. Code, § 455, subd. (a)). The location of local streets within city boundaries is properly a matter of judicial notice (*People* v. *Perry,* 216 Cal.App.2d 8, 10-12 [30 Cal.Rptr. 788]), as is the fact that a particular jurisdiction is an incorporated city (*Bryan* v. *Abbott,* 131 Cal. 222, 225 [63 P. 363]). ■ The trial court herein apparently did take judicial notice that the crime was committed in an incorporated city. However it failed to give the parties an opportunity to present to it information relevant to the propriety or tenor of the matter to be noticed. Before the argument in this court we advised the parties that we intended to notice the matter judicially. (Evid. Code, § 459.) No information to the contrary was brought to our attention.[2] Therefore the breach of etiquette in not following section 455 of the Evidence Code is harmless beyond a doubt.[3]

■ Defendant further challenges the sufficiency of the evidence to establish that the offense occurred in a public place. The parking lot of a market, being accessible to members of the public having business with the market, is a public place for purposes of section 12031 of the Penal Code. (Cf. *People* v. *Green,* 15 Cal.App.3d 766, 771 [93 Cal.Rptr. 433].)

The judgment is affirmed.

---

[1]Defendant's preliminary hearing was held in the El Monte Judicial District. The trial was held in Department East "F" of the Los Angeles Superior Court.

[2]Defendant in the course of this appeal never denied that El Monte is an incorporated city, nor that Crawford's Market is located therein. He merely questioned the sufficiency of the evidence to establish those facts.

[3]Our ability thus to dispose of this issue in support of the judgment does not mean we approve of the prosecution's careless presentation of the case below which created the present weakness in the People's case.