BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
THE HONORABLE DICK DICKERSON, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
May a private entity operating an amusement theme park deny entry to an off-duty or retired city police officer who is carrying a firearm where the park operator has a policy prohibiting entry to anyone carrying a firearm who is not then acting in an official capacity as a peace officer?
 CONCLUSION
A private entity operating an amusement theme park may deny entry to an off-duty or retired city police officer who is carrying a firearm where the park operator has a policy prohibiting entry to anyone carrying a firearm who is not then acting in an official capacity as a peace officer.
 ANALYSIS
We are asked to assume that an off-duty or retired city police officer, not in the course of official duty, wishes to enter a privately owned and operated amusement theme park.[1] The operator of the theme park has a policy against admitting anyone carrying a firearm who is not then acting in an official capacity as a peace officer.[2] May the policy be applied to off-duty and retired police officers? We conclude that it may.
Penal Code section 12025[3] provides:
 "(a) A person is guilty of carrying a concealed firearm when he or she does any of the following:
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(2) Carries concealed upon his or her person any pistol, revolver, or other firearm capable of being concealed upon the person.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Carrying a concealed firearm in violation of section 12025 is punishable as a felony or as a misdemeanor, depending upon the particular circumstances. (§ 12025, subd. (b).) Exempt from the provisions of section 12025 is "[a]ny peace officer, listed in Section830.1 . . . whether active or honorably retired. . . ." (§12027, subd. (a)(1)(A).) A city police officer is listed in section830.1 as "any police officer, employed in that capacity and appointed by a chief of police . . . of a city. . . ."
Subdivision (a)(1) of section 12031 additionally provides:
 "A person is guilty of carrying a loaded firearm when he or she carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory."[4]
Carrying a loaded firearm in violation of section 12031 is punishable as a felony or as a misdemeanor, depending upon the particular circumstances. (§ 12031, subd. (a)(2).) Exempt from the provisions of subdivision (a) of section 12031 are "[p]eace officers listed in Section 830.1 . . . whether active or honorably retired. . . ." (§ 12031, subd. (b)(1).)
Accordingly, a city police officer, subject to conditions and specifications set forth in the respective statutes, whether on or off duty, or honorably retired, is not subject to criminal prosecution for carrying concealed a firearm capable of being concealed or for carrying a loaded firearm in a public place. (See Orange County Employees Assn., Inc. v. County of Orange, supra, 14 Cal.App.4th at p. 580; 81 Ops.Cal.Atty.Gen., supra, at pp. 65-66.)
Subdivision (a)(1)(A) of the section 12027 and subdivision (b)(1) of section 12031 have no function other than to exempt specified individuals from criminal prosecution. Neither provision purports to impair the prerogatives of public or private landowners to prohibit the carrying of firearms on properties under their control by individuals not acting in an official capacity as peace officers.
In 81 Ops.Cal.Atty.Gen. 63, supra, we considered a similar question regarding a state employee who was not a peace officer but was licensed to carry a firearm capable of being concealed. We noted that by virtue of such licensure, the employee was not subject to criminal prosecution for carrying a concealed firearm. We concluded, nevertheless, that the employee was subject to his employer's lawful civil authority to regulate the conduct of all employees, and therefore the employee could be prohibited from carrying a firearm during the course of his employment. (Id., at pp. 66-67.)
Likewise, here, we entertain no doubt that the owner of private property, whether open to the public or not, may deny entry based upon perceived reasonable conditions, not otherwise unlawful, in the interests of public health and safety. (See 81 Ops.Cal.Atty.Gen., supra, at p. 70.) An off-duty or retired police officer would have no greater rights than members of the general public in such circumstances. (See Orange County Employees Assn., Inc. v. County of Orange, supra, 14 Cal.App.4th at p. 577; 72 Ops.Cal.Atty.Gen., supra, at p. 159.)
Finally, we note that the policy of the operator of the amusement theme park in excluding persons carrying firearms would not violate any constitutional rights of the off-duty or retired police officers. (Ass'n of Orange County Deputy Sheriffs v. Gates (9th Cir. 1983) 716 F.2d 733,734; 81 Ops.Cal.Atty.Gen., supra, at pp. 67-69.)
We conclude that a private entity operating an amusement theme park may deny entry to an off-duty or retired city police officer who is carrying a firearm where the park operator has a policy prohibiting entry to anyone carrying a firearm who is not then acting in an official capacity as a peace officer.
[1] For purposes of this opinion, an off-duty officer refers to an officer who is not then actively engaged in the pursuit of law enforcement duties. (See Orange County Employees Assn., Inc. v. County of Orange (1993) 14 Cal.App.4th 575, 578-582; 72 Ops.Cal.Atty.Gen. 154, 158-159 (1989).)
[2] The carrying of a firearm on state or local public property is beyond the scope of this opinion. (See 81 Ops.Cal.Atty.Gen. 63, 66 (1998); 80 Ops.Cal.Atty.Gen. 191, 192-194 (1997).)
[3] Undesignated section references herein are to the Penal Code.
[4] It is assumed for purposes of this opinion that an amusement theme park, open and accessible to members of the general public, is a "public place" within the meaning of section 12031. (See People v. Vega (1978)18 Cal.App.3d 954, 958; People v. Green (1971) 15 Cal.App.3d 766,771.)