[Crim. No. 3129. Second Appellate District, Division One.—September 19, 1938.]

THE PEOPLE, Respondent, v. EDWARD THOMAS LEVENS, Appellant.

Morris Lavine for Appellant.

U. S. Webb, Attorney-General, R. S. McLaughlin, Deputy Attorney-General, Buron Fitts, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Respondent.

YORK, P. J.—Appellant was found guilty by the court of the crime of violation of section 501 of the Vehicle Code, in that he "did willfully, unlawfully and feloniously drive a certain vehicle, to-wit, an automobile, while under the influence of intoxicating liquor, and in an unlawful manner, causing bodily injury to one Marie A. Beck, a human being". His motion for a new trial having been denied, appellant was sentenced to state's prison for the term prescribed by law. Such sentence was suspended by the court, appellant was placed on probation for a period of two years, and as one of the conditions of such probation his operator's license was suspended for a period of five years.

This appeal is from the judgment and from the order by which appellant's motion for a new trial was denied, it being here urged that the evidence is insufficient to justify the verdict as to a violation of section 501 of the Vehicle Code, and that the court erred in ordering appellant's driving license suspended for five years.

With respect to his first point, it is earnestly contended that the elements necessary for a conviction under section 501, *supra*, are not only that the defendant be under the influence of intoxicating liquor, but that while in such condition and in addition thereto, he must commit some act forbidden by law or neglect to perform some duty imposed by law, which act or neglect proximately results in bodily injury to some person. Appellant also maintains that the evidence is insufficient to prove that he drove his automobile in an unlawful manner.

The provisions of section 501 of the Vehicle Code are as follows: "Any person who, while under the influence of intoxicating liquor, drives a vehicle and when so driving does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle which act or neglect proximately causes bodily injury to any person, is guilty of a felony and · upon conviction thereof shall be punished by imprisonment in the State prison. . . . "

It is revealed by the record that appellant while driving westerly on Florence Avenue at about 2:30 o'clock in the morning of January 20, 1938, collided with an unlighted automobile which was parked at an angle of forty-five degrees in front of sheriff's substation No. 1 at 1559 East Florence Avenue, said automobile belonging to a friend of one of the deputy sheriffs. It further appears that appellant had some beer with his dinner at 5 o'clock of the evening before the accident occurred and had a glass of muscatel wine early that evening; that he called for a friend of his, Miss Neese, around 7:30 o'clock and drove to the beach; from there they returned to the Figueroa Theatre at Figueroa and Santa Barbara Avenue arriving there at approximately 9 o'clock; that after the show appellant drove his companion to her home, leaving that place at about 1:30 o'clock; that he stopped at Findley's restaurant where he had a sandwich and a cup of coffee, and as he left said restaurant he met some neighbors and one of them, Miss Beck, asked appellant if she might ride home with him instead of riding with her three friends in their coupe. Appellant and his companion had traveled only a few blocks when the collision occurred, as the result of which Miss Beck sustained injuries which

confined her to a hospital for a period of one month and appellant received a cut on the nose.

Miss Neese testified that appellant's driving from Los Angeles to Venice and back was "Perfect. He made all boulevard stops and everything like he usually did." In answer to the question, "Now, at that time what was his condition as to being intoxicated, that is whether he was drunk or sober?" she replied, "Oh, he had had nothing to drink while he was with me, so he would be perfectly all right."

Miss Beck testified that she was in Findley's restaurant with the people with whom she lived and that, because they had another passenger and were driving a coupe, she rode home with appellant, whom she knew as a neighbor; that appellant talked clearly and walked all right when she met him outside the restaurant; that he did not seem drunk to her or she would not have ridden with him; that he drove carefully at a speed of from 20 to 25 miles per hour; that she was facing him and talking to him when the accident occurred and did not see the parked car.

Appellant testified that he was dazed after the accident, and that his head, knees and hip were hurting him; that he had beer to drink with his dinner the night before the accident and drank a glass of muscatel wine at 7:30 o'clock of that evening; that he had nothing to drink except coffee at the restaurant just previous to the accident. He further testified that he was not accustomed to driving on streets where machines were parked at an angle; that he drove too close to the right-hand curb and before he could get back toward the center of Florence Avenue, he struck the parked car.

Four deputy sheriffs, who were on duty at the substation, testified that appellant was intoxicated, basing their conclusions as to such condition upon his thick and incoherent speech, his alcoholic breath, the dilated pupils of his eyes and the fact that he was emotionally upset. One of these deputy sheriffs and a man by the name of Saxe, who was connected with the substation, testified that appellant staggered into the substation immediately after the collision and when asked if he were drunk, replied, "I am drunker than hell." Appellant was not given a sobriety test, and he testified that he did not remember for sure whether he told the officers

that he was drunk; did not think he did so, because he had no occasion to make such a statement.

 In order to sustain a conviction under section 501 of the Vehicle Code, it must appear in the evidence adduced at the trial not only that the defendant therein was driving an automobile while under the influence of intoxicating liquor, and that while in such condition he committed some act forbidden by law, or that he neglected to perform some duty imposed by law, but in addition that such act, or such neglect, proximately caused bodily injury to some person. It is elementary that the particular case must determine whether the acts shown to have been committed constitute a violation of the statute upon which the prosecution is based. "The mere act of driving a vehicle upon a public highway while intoxicated is an unlawful act. (Sec. 502, Vehicle Code.) Whether it is a felony or misdemeanor depends on the facts and circumstances in the case. (Sec. 501, Vehicle Code.)" (*People* v. *Freeman,* 16 Cal. App. (2d) 101, at 103 [60 Pac. (2d) 333].)

 In the instant case the evidence adduced at the trial is entirely lacking in the legal requirement that appellant, in addition to being under the influence of intoxicating liquor, either committed any act forbidden by law or neglected to perform any duty imposed by law and that such act or neglect proximately caused injury to Miss Beck. (See *People* v. *Trantham,* 24 Cal. App. (2d) 177, 178, 179 [74 Pac. (2d) 851].)

Because of the views herein expressed, it is deemed unnecessary to pass upon appellant's second point.

The judgment of conviction is reversed and the cause remanded for a new trial.

Doran, J., and White, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 17, 1938. Curtis, J., voted for a hearing.