[Crim. No. 1842.  Third Dist.  Nov. 10, 1943.]

In re EDWARD D. RYAN on Habeas Corpus.

James Snell for Petitioner.

. Ward Sheldon, District Attorney (Nevada City), for Respondent.

PEEK, J.—On May 3, 1943, while riding as a guest in the car operated by petitioner, Michael Nevins was killed when the car went over an embankment approximately six and one-half miles south of the city of Grass Valley on State Highway Number 49.

The petitioner is being held for trial for a violation of section 501 of the Vehicle Code which, in part, provides: "Any person who, while under the influence of intoxicating liquor, drives a vehicle and when so driving does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle, which act or neglect proximately causes bodily injury to any person, is guilty of a felony. . . . "

The complaint filed in the Justice's Court of Grass Valley Township, County of Nevada, charged that petitioner violated the provisions of said section in that he "wilfully and unlawfully drove a motor vehicle , . . . while under the influence of intoxicating liquor," and while so driving failed "to drive said vehicle at a speed that is reasonable and prudent and does not endanger the safety of persons or property; and said neglect and the violation of said duties did then and there proximately cause . . . the death of one Michael Nevins." At the conclusion of the hearing the defendant was held to answer in the superior court. Thereafter an application was made by defendant in the Superior Court in and for the County of Nevada, for a writ of habeas corpus, which was denied.

It is claimed by the petitioner that the evidence produced at the preliminary hearing failed to show (1) that he was under the influence of intoxicating liquor; (2) that he committed any act forbidden by law or neglected to perform a duty imposed by law, and (3) that the offense, if any, was committed in the county of Nevada, State of California.

The only facts testified to by the State's first witness were that while sitting alongside of the highway near a sign "forty-nine" he saw the car of petitioner pass at a speed which he estimated to be fifty-five miles an hour, although on cross-examination he stated he had never attempted to estimate speed before; that he observed the car turning out over the center white line of the highway and back again to a point where it went over the bank.

The second witness, Officer Kitts of the State Highway Patrol, testified that the accident occurred at a point approximately six and one-half miles south of Grass Valley, where the road was open and comparatively straight, and at such location the speed limit was fifty-five miles per hour. He also told of skid marks extending some distance back from where the car left the pavement; that the car had a blown out tire; that he found a mark on the pavement where something had struck it, gouging a hole, and leaving wood splinters. He further testified that the pupils of defendant's eyes were dilated; that his speech was somewhat incoherent; that when standing in one spot he swayed and was not too steady on his feet although he did not detect liquor on his breath.

Captain Blake of the State Highway Patrol stated that petitioner told him he had had two bottles of beer. Blake further stated that defendant's eyes were dilated; that he was unsteady on his feet; that his speech was thick; that he had difficulty in walking and that it was necessary to escort him.

Dr. Foster, who treated defendant at the county hospital for injuries he had sustained as a result of the accident, testified that he would say the petitioner had been drinking; that no clinical test for liquor was given the defendant; that his opinion was based solely upon what he observed; that the defendant gave reasonable answers to questions; that his manner was rather abrupt and excited; that he thought it was more than beer; that his impression was that he had had some wine.

The State rested its case on such showing.

It is obvious that such evidence is extremely weak, particularly on the two necessarily concurrent elements of the crime as charged; that is (1) that the defendant was under the influence of intoxicating liquor, and (2) that while driving his car in such condition, he committed an act for-

bidden by law or neglected to perform a duty imposed by law, which proximately caused bodily injury to a person.

As stated in *People* v. *Levens,* 28 Cal.App.2d 455, 459 [82 P.2d 698] : ''In order to sustain a conviction under section 501 of the Vehicle Code, it must appear in the evidence adduced at the trial not only that the defendant therein was driving an automobile while under the influence of intoxicating liquor, and that while in such condition he committed some act forbidden by law, or that he neglected to perform some duty imposed by law, but in addition that such act, or such neglect, proximately caused bodily injury to some person.'' And as stated in *People* v. *Freeman,* 16 Cal. App.2d 101, 103 [60 P.2d 333] : ''The mere act of driving a vehicle upon a public highway while intoxicated is an unlawful act. (Sec. 502, Veh. Code.) Whether it is a felony or misdemeanor depends upon the facts and circumstances in the case. (Sec. 501, Veh. Code.)'' The facts of each particular case must, therefore, determine whether the acts shown to have been committed constitute a violation of the statute upon which the charge is based.

Assuming, but not so deciding, that the evidence that the petitioner was under the influence of intoxicating liquor was sufficient under the rule as stated in *People* v. *Dingle,* 56 Cal.App. 445 [205 P. 705], and *People* v. *McKee,* 80 Cal.App. 200 [251 P. 675], was the mere showing that petitioner drove his car at an estimated speed of fifty-five miles an hour, and during which time he momentarily drove onto the left portion of the highway then back again to the right side and ultimately over the embankment, sufficient to come within the provisions of section 501 of the Vehicle Code? Respondent insists that the question should be answered in the affirmative and that no further evidence is necessary.

Under Vehicle Code sections 510 (basic speed law) and 511 (prima facie speed limits) speed alone cannot be considered as unlawful without additional evidence as regards such speed in relation to the physical facts of the surface, width and general characteristics of the highway, together with traffic conditions as of that time. In the absence of a showing herein, either that the circumstances required a slower speed than the evidence disclosed or that the one failure to comply with the terms of section 525 of the Ve-

hicle Code (driving on right side of highway) proximately caused the fatal injury to Nevins, it cannot be said that petitioner's driving was such as to bring his actions within the prohibitions of section 501 of the Vehicle Code. The criterion in such cases must be the reasonableness of the speed in relation to the physical facts surrounding the highway and its use at the particular time. (*People* v. *McKee, supra.*)

We cannot agree with petitioner's final contention that the evidence which placed the scene of the accident six and one-half miles south of Grass Valley on the Auburn highway, number 49, fails to show venue. It is true such evidence is not wholly satisfactory, but as this court said in *People* v. *Bastio,* 55 Cal.App.2d 615, 617 [131 P.2d 614]: "Venue in a criminal case need not be proven beyond a reasonable doubt." (*People* v. *Montgomery,* 32 Cal.App.2d 43 [89 P.2d 184]; *People* v. *De Soto,* 33 Cal.App.2d 478 [92 P.2d 466].)

Courts may take judicial notice of geographical facts. (Sec. 1875, Code Civ. Proc.) By an examination of a map of this state showing the county subdivisions it is readily apparent that the highway in question runs in a southerly direction from the city of Grass Valley for a distance of approximately fifteen miles before crossing the Placer County line. Such facts are well established and authoritatively settled. (*Communist Party* v. *Peek,* 20 Cal.2d 536 [127 P.2d 889].)

From the record as presented to this court the conclusion is inescapable that the petitioner was committed on a criminal charge without reasonable or probable cause. (*In re Whitlatch,* 60 Cal.App.2d 189 [140 P.2d 457].)

The petitioner is discharged.

Thompson, J., and Adams, P. J., concurred.