[Crim. No. 5576. Second Dist., Div. Three. June 8, 1956.]

THE PEOPLE, Respondent, v. CARL IKNER, JR., Appellant.

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—In an information defendant was charged with violation of section 11500 of the Health and Safety Code, a felony, in that, on April 4, 1955, "in the County of Los Angeles, State of California," he unlawfully had heroin in his possession. It was also alleged therein that he had been convicted previously of violation of said section, a misdemeanor. Trial by jury was waived. Defendant was adjudged guilty. The allegation as to prior conviction was stricken out, on the court's motion, in the interests of justice. Defendant appeals from the judgment.

Appellant asserts that the prosecution failed to establish the venue of the crime; and that the evidence was insufficient to support the judgment.

Officer White testified that he is a police officer for the city of Los Angeles and is attached to the Newton Division (police station); on April 4, 1955, about 6:15 p. m., he saw defendant on the west side of Ceres, walking south bound in front of 649; defendant was alone; the witness (Officer

White) and his partner (Officer Nall) were in a vehicle traveling north on Ceres; they had the defendant under observation from the time they first saw him; when they were about 35 or 40 feet from him, he apparently observed them; he (defendant) hesitated, then made a turn, a pause, and a throwing motion; then the witness (Officer White) observed something white leave defendant's hand and then, underneath the car (apparently a parked Mercury automobile), the witness saw papers hit the ground; defendant made the throwing motion with his right hand, and the witness kept the object under observation at all times; the witness saw where the object landed and marked the spot; later he (witness) went to the spot and picked up "the bindles," referred to herein as Exhibit 1, which were lying in the gutter next to a parked Mercury in front of 649 Ceres Avenue; on the way to the police station, in the police car, defendant asked the officers what they were going to book him on, and defendant also said, "You didn't see me throw anything"; prior to that statement, the witness had said that he saw defendant throw something; defendant also said, "Just because I happened to be there at the time you are going to pin a bum rap on me."; the witness took the bindles to the Newton Street Station, marked them for identification, placed them in an envelope, and transported them to Central property. On cross-examination, the officer said that the district in the vicinity of 649 Ceres was "Apartment houses and businesses and single residences also."; the judge asked if the district was "between Sixth and Seventh," and the officer replied that it was; the judge asked, "Isn't there a beer place around Ceres there between those streets?"; the officer replied, "Not between Sixth and Seventh." On cross-examination, he was also asked what department he was assigned to, what kind of car he used and if there was anything about the car to identify it as a police car. He replied that he was assigned to the Newton Division, that the car was a felony car, and it had an antenna on the roof of it and had a "square E" license plate.

Officer McCauley, an expert chemist, testified that he is a police officer of the city of Los Angeles, assigned to the investigation division as a chemist; he first saw Exhibit 1 (bindles) at 318 West First Street at the police property section; he examined five bindles and found that they contained heroin.

James Moore, a witness on behalf of defendant, testified that on said April 4, about 6:15 p. m., he was at a garage on Ceres

Street between Sixth and Seventh; he saw the car (of the officers) toward Seventh on Ceres and saw the officers coming toward Sixth; when the car stopped he saw an officer call defendant to the car on the opposite side of the street, and he saw one officer go to the curb, where defendant was when he was called, and pick up several pieces of paper.

Defendant testified that on said April 4, about 6:15 p. m., he was walking south on Ceres Street, the police car was going north on Ceres, and he was arrested in front of 649 Ceres; he lived two blocks from there and he knew the neighborhood very well; he was on his way to the cleaner, and the officers called him to the car and asked his name and what he had "ever been arrested for"; he replied, "Narcotics"; the officers started searching him, then they went away and picked up cigarette packages; they came back and said, "This is yours, isn't it?"; he replied that it was not his; the street was very crowded, and they took him off and handcuffed him; the heroin was not his; he had never seen it; he was standing by the officers' car talking to one of the officers while the other officer was across the street, where defendant had been walking; it was about 10 minutes from the time they stopped until they found the heroin; defendant did not throw anything.

No witness testified that the facts related by him occurred in the county of Los Angeles. No witness was asked by the district attorney or defense counsel whether such facts occurred in said county. The information alleged that the crime was committed in the county of Los Angeles, state of California. The case was tried in the superior court of the county of Los Angeles at the county seat of said county, which is the city of Los Angeles. The point with reference to failure to establish the venue was not raised in the trial court. Venue is a question of fact and may be established by circumstantial evidence. (*People* v. *Ford,* 133 Cal. App.2d 695, 697 [284 P.2d 836].) Defendant was arrested by police officers of the city of Los Angeles on Ceres Avenue between Sixth and Seventh Streets. Immediately prior to the arrest defendant had been walking in a southerly direction on the west side of Ceres Avenue. Courts may take judicial notice of geographical facts. (*In re Ryan,* 61 Cal. App.2d 310, 314 [142 P.2d 769]; Code Civ. Proc., § 1875, subd. 8.) The trial court herein could take judicial notice that there are in the city of Los Angeles a Ceres Avenue, a Sixth Street, and a Seventh Street, and that the Ceres

Avenue in said city extends in a northly and southerly direction between said Sixth and Seventh Streets, which streets extend easterly and westerly. ■ It is presumed that official duty has been regularly performed. (Code Civ. Proc., § 1963, subd. 15.) The trial court herein could presume that the police officers of the city of Los Angeles, in arresting defendant on Ceres Avenue between Sixth and Seventh Streets, were regularly performing their duty on a Ceres Avenue which was within the territory where they were authorized to make arrests, namely, within the city of Los Angeles, California. The chemist, who examined the heroin, was also a police officer of the city of Los Angeles. Defendant lived two blocks from the place where he was arrested.

In *People* v. *De Soto,* 33 Cal.App.2d 478 [92 P.2d 466], the defendant, who was convicted of burglary, contended that the venue had not been established. There was testimony therein that the burglary occurred at an apartment house at 524 East Miner Avenue. Also there was testimony therein by police officers of the city of Stockton, in San Joaquin County, that they were performing their official duties as police officers in said city when they arrested the defendant about a block from the apartment house at 524 East Miner Avenue. The trial court instructed the jury that said address was located in the city of Stockton, which was in the county of San Joaquin, California. It was held therein that there was no error.

In *People* v. *West,* 34 Cal.App.2d 55 [93 P.2d 153], the court said at page 59: "Under the facts of this case the jury were justified in concluding, as jurors, what they well knew as men and women, that the streets named by some of the witnesses meant certain well known and so named streets in the City of and County of Los Angeles."

In *People* v. *Ford, supra,* 133 Cal.App.2d 695 [284 P.2d 836], a question was whether the venue was established as the county of Los Angeles, California. It was stated therein (p. 697) that the officers who arrested Ford were police officers of the city of Los Angeles, and that the chemist who examined a truck, involved therein, was employed in the office of the sheriff of the county of Los Angeles. After stating other details the court said therein at page 698: "Without going further into detail, it is enough to say that the evidence directly and logically points to the single inference that the offenses were committed in the County of Los Angeles."

In the present case the evidence was sufficient to support a finding that the venue was the county of Los Angeles, state of California.

■ Appellant argues, with respect to the alleged insufficiency of the evidence, that the officer did not see any narcotic in the possession of defendant; that at the time the officer saw defendant throw something he did not identify the object; and that there was no evidence that the narcotics were not in the gutter before the officer saw an object leave defendant's hand. As above shown, there was evidence that the officer saw defendant throw something; and the officer kept the object under observation, went to it, picked it up, and marked it for identification. At the trial he identified Exhibit 1 as that object. The object contained bindles of heroin. The evidence was sufficient to support the judgment.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.