[Crim. No. 7525.   Second Dist., Div. One.   June 13, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ANTON
HOSNEY, Defendant and Appellant.

Frank Duncan, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—Defendant was accused of forgery in that on October 24, 1959, in the County of Los Angeles, California, he did unlawfully forge a certain sales ticket and order for the payment of $99.98 and did pass the same with the intent to defraud William Benkle, Zeidler and Zeidler, Ltd., and Diners' Club, Inc.

Trial by jury was waived. By stipulation the cause was submitted upon the transcript of the preliminary examination, reserving the right to offer additional evidence.

Defendant was adjudged guilty. His notice of appeal (prepared by himself) states that he appeals his case. It will be assumed that he has appealed from the judgment.

Appellant contends that the record does not show that there was jurisdiction or venue in the trial court to hear or determine the cause; and that the court erred in reading and

considering testimony of witnesses in another case in adjudging the defendant guilty.

The Diners' Club credit card herein referred to, bearing number 13LA-539, was issued to John D. Anderson, 10738 Sharon Street, Sunland, California.

The merchandise sales slip herein referred to (Exhibit 1) shows that a credit sale for $99.98, based on the credit card, was made to John D. Anderson, 10738 Sharon Street, Sunland, California.

Jack Bottom testified as follows: On October 24, 1959, he was an employee of, and was present at, the Zeidler and Zeidler store at "1448 North Crescent Heights." About 9:30 a. m. on that day he saw the defendant in the store making a purchase of merchandise for which the charge, including tax, was $99.98. Mr. Byrnes, who was then the manager of the store, made the sale and made the sales slip (Exhibit 1) which reflected the transaction. It was a credit sale on the basis of a Diners' Club credit card, which card, bearing the number 13LA-539, was issued to John D. Anderson. Defendant had that credit card. He (witness) saw the defendant write the name "John D. Anderson," as a signature, on the bottom of the sales slip. Since the amount of the credit sale was over $50, it was necessary to obtain approval of the sale. The merchandise was not delivered to defendant but was held at the counter while the salesman, Mr. Byrnes, made a telephone call. Then the salesman told defendant that he had to wait for an authorization, and there would be a little delay while this was being checked. Defendant left the store, but did not take the merchandise or the credit card. The defendant had been in the store previously and had purchased a jump suit, which suit he was wearing on the day of this credit card transaction.

John D. Anderson testified: That he formerly lived at 10738 Sharon Street in Sunland, California. Prior to October 24, 1959, he had a Diners' Club credit card which was issued in his name, John D. Anderson, and which stated his address as 10738 Sharon Street, Sunland, California. He lost the card prior to said October 24. He had never been in the Zeidler and Zeidler store, and he had not given the defendant or anyone permission to use his credit card and make a purchase anywhere, and he had not given defendant or anyone permission to sign his (witness') name on the sales slip (Exhibit 1). He (witness) did not sign the name, "John D. Anderson," on the sales slip.

Appellant argues, with reference to his contention that venue was not established, that the record does not show in what state, county, or city the alleged forgery was committed; that the only evidence in the record is that it was committed at a store known as Zeidler and Zeidler at 1448 North Crescent Heights; and that the record fails to show what is referred to by "1448 North Crescent Heights," that is, whether it refers to a street, avenue, or place.

Mr. Bottom testified, as above stated, that the transaction involved herein occurred at 1448 North Crescent Heights. He did not state further information regarding the address. The sales slip, received as Exhibit 1, has a printed heading thereon which includes the name "Zeidler & Zeidler Ltd." and three street addresses, one of which is "1448 N. Crescent Heights Blvd." It thus appears that further information, regarding the address where the transaction occurred, is that "1448 North Crescent Heights" refers to a boulevard. Below that address (on the sales slip) are the words "Sunset Strip." The other printed addresses on the sales slip are: "800 N. Vermont Ave." and "806 N. Vermont Ave." Courts may take judicial notice of geographical facts. (*In re Ryan,* 61 Cal.App.2d 310, 314 [142 P.2d 769]; Code Civ. Proc., § 1875, subd. 9.) The trial court could take judicial notice that there is, in the County of Los Angeles, California, in the metropolitan area of the City of Los Angeles, a street address known as "1448 North Crescent Heights Boulevard." (See *People* v. *Ikner,* 142 Cal.App.2d 145, 148-149 [298 P.2d 45]; and *People* v. *De Soto,* 33 Cal.App.2d 478, 480 [92 P.2d 466].) It could also take judicial notice that there are in the City of Los Angeles, California, street addresses known as "800 North Vermont Avenue" and "806 North Vermont Avenue." It could also take such notice that a part of Sunset Boulevard, which is in Los Angeles County, California, is known as "Sunset Strip," and that said place is near "1448 North Crescent Heights Boulevard." Venue is a question of fact and may be established by circumstantial evidence. (*People* v. *Ford,* 133 Cal.App.2d 695, 697 [284 P.2d 836]; and *People* v. *Ikner, supra,* at page 148.) No witness was asked at the preliminary examination or the trial whether the incidents related by him occurred in Los Angeles County, California. No witnesses testified that such incidents occurred in said county. The information alleged that the crime of forgery was committed in said Los Angeles

County. The case was tried in the Superior Court at Los Angeles, the county seat of said county. The record does not disclose by whom the defendant was arrested. The point with reference to failure to establish venue was not raised at the preliminary examination or the trial. Defendant did not testify. It might well be that in cities or counties other than the City and the County of Los Angeles there is an address known as "1448 North Crescent Heights Boulevard," but the trial judge herein, in determining the matter of venue, might reasonably have concluded that the combination of material geographical facts of which he could take judicial notice (such as said street addresses and the location of "Sunset Strip" with relation to the "North Crescent Heights" address) was uncommon and unique and for that reason such combination of judicially noticed facts constituted strong circumstantial evidence that the crime occurred in Los Angeles County, California. Under the evidence herein the trial judge was justified in concluding that the address "1448 North Crescent Heights," designated by the salesman-employee of Zeidler and Zeidler as the place of the crime, meant 1448 North Crescent Heights Boulevard in the metropolitan area of the City of Los Angeles, in the County of Los Angeles, State of California. (See *People* v. *West,* 34 Cal.App. 2d 55, 59 [93 P.2d 153] ; and *People* v. *Ikner, supra,* 142 Cal. App.2d 145, 148-150 [298 P.2d 45].)

As above stated, appellant also contends that the court erred in reading and considering testimony of witnesses in another case. There is no reporter's transcript herein with respect to the trial. (The transcript of the preliminary examination is included in the clerk's transcript.) The trial-court minutes of May 11, 1960, show, as hereinabove indicated, that by stipulation the case was submitted upon the transcript of the preliminary examination, reserving the right to offer additional evidence. The minutes of July 21, 1960 (written *nunc pro tunc* as of July 7, 1960), state in part as follows: "Trial, continued from June 17, 1960, is resumed. . . . [Names of attorneys present.] The Court states that it has read and considered the transcript and the testimony of William Ginell who was a witness in Superior Court No. 225272—People vs. Buckley; also the testimonies of Anton Hosney, Joseph Alberta [Alberti] and Myron Hanover. People rest. Defendant rests. . . ." Presumably, the proceedings at time of trial (which would include the calling of the case, the responses of counsel, and the making of the

stipulation) were recorded by a court reporter. As above stated, however, the record on appeal does not include a reporter's transcript. It would seem that such a transcript would show the foundation or basis, if any, for the act of the judge (as stated in the minutes) in reading and considering the testimony of witnesses in another case. The judge's statement that he had read and considered the "transcript" indicates that he meant he had read and considered the transcript of the preliminary examination. Since there was a stipulation that he might read and consider that transcript, it is apparent that his statement, with respect to reading and considering the transcript, meant that he was acting pursuant to the stipulation. Since the statement of the judge, with respect to reading and considering testimony in another case, was made as a part of and in connection with his statement regarding the preliminary transcript, it would seem that his statement, with respect to the other testimony, meant that in so reading and considering the other testimony he was also acting pursuant to some prearrangement or stipulation whereby he was authorized to read and consider that testimony. In making the statement, at the beginning of the session on July 7, as to what he had read and considered, it would seem that he was merely announcing compliance with some prior arrangement whereby it was contemplated that, before the session of July 7, he would read and consider the preliminary transcript and other testimony. No one objected when the judge announced that he had read testimony in the other case, but on the contrary both sides thereupon rested. One of the witnesses referred to in that announcement was Anton Hosney (presumably the defendant), which would indicate a connection between the cases and indicate a probable basis for a prearrangement with respect to considering the other testimony. Without such a prearrangement, it is obvious that the consideration of the other testimony would be improper. ■ "[A]ll intendments and presumptions not contradicted by or inconsistent with the record are in favor of the regularity of the proceedings" in the trial court. (*People* v. *Wissenfeld*, 36 Cal.2d 758, 767 [227 P.2d 833].) ■ Under the circumstances here, where the reporter's transcript of the trial proceedings is not a part of the record on appeal, it is to be assumed that there was a proper foundation or basis for the act of the judge in reading and considering the other testimony.

(According to the Attorney General's brief, the testimony

of Joseph Alberti and Anton Hosney in the other case indicates venue, in that it reflects that Hosney was living in the vicinity of Hollywood on the same street on which the store of Zeidler and Zeidler is located and about a block and a half from the store.)

In any event and regardless of the other testimony, the evidence as shown by the transcript of the preliminary examination was amply sufficient to support the judgment of conviction. The salesman at the store identified the defendant as the person who came into the store, ordered the merchandise "on credit," presented the Diners' Club Credit Card which belonged to John D. Anderson, and signed on the sales slip (in the presence of the salesman) the name of John D. Anderson as the purchaser of the merchandise and as the obligor under the credit sale. While the store representatives were checking the credit card by a telephone conversation, the defendant left the store without taking the merchandise or card. It was established by the testimony of John D. Anderson, the owner of the credit card, that the name John D. Anderson which appears as a signature on the sales slip is a forgery. It thus appears that, regardless of "the other testimony," it is not reasonably probable that there would have been a different result.

Even if it be assumed that the trial judge erred in considering the other testimony, the error should not be regarded as prejudicial, in view of the fact that this was a nonjury trial and the evidence as disclosed by the preliminary transcript was clearly sufficient to establish that defendant was guilty.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.